UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE HASLEY, | ) | CASE NO. 4:09 CV 1018 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| DEPUTY FRANCIS, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Bruce Hasley (Plaintiff or Hasley) filed this action under 42 U.S.C. § 1983 against Mahoning County Sheriff's Deputy Francis. In the Complaint, Hasley claims Deputy Francis used excessive force to get him into a jail transport van. He seeks monetary damages. (Doc. No. 1, Compl., p. 5.) Hasley also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 4.) Plaintiff's application is **GRANTED**.

**I.     Background**

Hasley states he was transported to the "M.S.J." for a medical appointment on April 13, 2009. He claims that after his appointment, he was brought back down to the sally port to be transported back to "M.S.M.J." He alleges a female deputy named Francis ordered him to get into the back of the van. He was handcuffed and shackled so he asked for assistance. She refused. (Compl., p. 4.) He told her he could not physically get into the van without help. He claims Deputy Francis got angry and threatened him with pepper spray. (*Id.*) He alleges she hit him with her shoulder to force him into the van. He fell

against the van's side door. (*Id.*) He asked for her name and was not given that information. Hasley claims every time he is in the jail, an issue of abuse, neglect, or retaliation occurs. He asks for justice and monetary damages.

## II.     Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Eighth Amendment prohibits any action by prison officials which violates civilized standards of humanity and decency, which reflects an unnecessary and wanton infliction of pain, or which is grossly disproportionate to the offense committed by the prisoner. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981); *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1986). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also, Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see*, *e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Every push and shove an officer makes, however, will not subject the officer to liability. *Collins v. Nagle*, 892 F.2d 489, 496 (6th Cir.1989). The objective component of the test requires the plaintiff to demonstrate that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834. The subjective component, by contrast, requires a showing that the prison official possessed "a sufficiently culpable state of mind." *Id.* Deliberate indifference requires a degree of culpability greater than mere negligence, but less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. The plaintiff must establish both the objective and subjective components to state a claim for relief.

3

In this case, the plaintiff fails to establish that he was exposed to conditions imposing a substantial risk of serious harm to satisfy the objective component. He claims he asked for assistance to get back into the van and received a push from the deputy which caused him to fall into the car door. He does not state that he sustained injury as a result of the action. This is not the type of situation that gives rise to a claim under the Eighth or Fourteenth Amendment.

### III. Conclusion

Accordingly, plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: August 10, 2009

           **HONORABLE SARA LIOI**
           **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.